J-S22036-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SAUNDRA LEE DINGER, :
:
Appellant : No. 1784 WDA 2014

Appeal from the Judgment of Sentence Entered September 22, 2014,
in the Court of Common Pleas of Jefferson County,
Criminal Division, at No(s): CP-33-CR-0000445-2011 and
CP-33-CR-0000605-2012

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 05, 2016**

Saundra Lee Dinger (Appellant) appeals from a judgment of sentence entered after the trial court revoked her probation.  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.[1]

At trial court docket number CP-33-CR-0000445-2011 (Docket Number 445), Appellant faced 23 counts of criminal misconduct.  At counts 2-5, Appellant was charged with disorderly conduct, all of which were graded as third degree misdemeanors and carried a maximum sentence of one year

---

[1] Counsel twice previously petitioned to withdraw, and this Court denied those petitions and remanded the matter due to counsel's failure to comply with ***Anders***/***Santiago***.

*Retired Senior Judge assigned to the Superior Court.

in prison. 18 Pa.C.S. § 1104(3). Appellant pled guilty to counts 2-5; the Commonwealth *nolle prossed* the remaining counts.

At trial court docket number CP-33-CR-0000605-2012 (Docket Number 605), Appellant faced three counts of criminal misconduct, including one count of retail theft. The retail theft count was graded as a misdemeanor of the second degree and carried a maximum sentence of sentence of two years in prison. 18 Pa.C.S. § 1104(2). Appellant pled guilty to retail theft, and the Commonwealth *nolle prossed* the remaining counts.[2]

On January 2, 2013, Appellant was sentenced at both docket numbers. As to Docket Number 445, Appellant received one year of probation for each court of disorderly conduct. The court ran count 5 concurrently with count 3, count 4 concurrently with count 2, and count 3 consecutively with count 2. As to Docket number 605, the court sentenced Appellant to two years of probation; the court ran this sentence concurrently with the sentence at Docket Number 445. Thus, Appellant received an aggregate sentence of two years of probation.

On February 13, 2013, a bench warrant was issued because the Jefferson County Adult Probation Department (Probation Department)

---

[2] Prior to entering her guilty pleas, Appellant's counsel filed a motion for a hearing to determine whether Appellant was competent to stand trial. Counsel also filed a motion to have Appellant undergo psychological testing. The trial court granted the motions. On December 19, 2012, the court entered an order finding Appellant competent to stand trial.

informed the court that Appellant had violated several of her probation conditions. The court later withdrew the bench warrant.

On January 29, 2014, the court held a *Gagnon I* hearing.[3, 4] At that hearing, the Probation Department alleged that Appellant violated the terms of her probation by, *inter alia*, refusing to take her medications. The following day, the court entered an order stating that Appellant would have a hearing that day to determine whether she should receive inpatient treatment at Warren State Hospital. As best we can discern from the record, Appellant was admitted into Warren State Hospital.

On August 25, 2014, the trial court placed a detainer on Appellant, stating that the Probation Department informed the court that Appellant again had violated the conditions of her probation. The court conducted a *Gagnon I* hearing on August 27, 2014, where the Probation Department alleged that Appellant had violated her probation by, *inter alia*, refusing to take her medications. Appellant admitted to not taking her medications but expressed her belief that medication issues were between her and her doctor. The court issued an order noting that Appellant admitted to the violations charged. The order further directed that Appellant shall remain in

---

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[4] "[T]he *Gagnon I* hearing is similar to the preliminary hearing afforded all offenders before a Common Pleas Court trial: the Commonwealth must show probable cause that the violation was committed." *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (citation omitted).

the Jefferson County Jail and that the Probation Department must conduct a pre-sentence investigation report.

The court held a *Gagnon II* hearing[5] on September 22, 2014. At the hearing, the Probation Department recommended that a hearing be held to determine whether Appellant should undergo long-term mental health treatment. Appellant insisted that she did not need medication and that she would not cooperate with long-term inpatient treatment. The court took this to mean that Appellant would violate her probation again; the court concluded that it must vindicate its authority. The court, therefore, accepted the Probation Department's secondary recommendation to revoke Appellant's probation and sentence her to time in prison.

---

[5] As this Court has explained,

> [t]he *Gagnon II* hearing entails, or may entail, two decisions: first, a consideration of whether the facts determined warrant revocation. The first step in a *Gagnon II* revocation decision ... involves a wholly retrospective factual question: whether the parolee [or probationer] has in fact acted in violation of one or more conditions of his parole [or probation]. It is this fact that must be demonstrated by evidence containing probative value. Only if it is determined that the parolee [or probationer] did violate the conditions does the second question arise: should the parolee [or probationer] be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation? Thus, the *Gagnon II* hearing is more complete than the *Gagnon I* hearing in affording the probationer additional due process safeguards[.]

*Ferguson*, 761 A.2d at 617 (citations and quotation marks omitted).

As to Docket Number 445, the court sentenced Appellant to six to twelve months in prison on counts 4, 5, and 6. The court directed these sentences to be served consecutively. Regarding Docket Number 605, the court sentenced Appellant to one to two years in prison and directed that this sentence shall be served consecutively to the sentence imposed on Docket Number 445. Thus, Appellant received an aggregate sentence of two-and-one-half to five years in prison.

Two days later, the court entered a corrected order. The court observed that counts 3 and 5 were the only active counts on Docket Number 445. In other words, the court could not impose a sentence on count 4. Thus, the court eliminated the sentence on count 4, lowering Appellant's aggregate sentence to two to four years in prison. Oddly, neither the **Anders** counsel's filings nor the trial court's opinion acknowledges this corrected order.

Appellant timely filed a post-sentence motion, which the trial court denied. Appellant timely filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925(b). Counsel subsequently filed in this Court an **Anders** brief and a petition to withdraw.

The following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that

- 5 -

might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with Anders or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

Commonwealth v. Wrecks, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the Anders procedure:

Accordingly, we hold that in the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

Anders brief, we conclude that counsel has substantially complied with the

above requirements.[6] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n. 5).

Counsel presents one issue that arguably supports this appeal. Specifically, counsel raises a challenge to the discretionary aspects of Appellant's sentence. It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test.

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

---

[6] Appellant has not responded to counsel's petition to withdraw.

Appellant timely filed a notice of appeal. Appellant did not object to her sentence during the sentencing hearing. However, she did include a request to reconsider her sentence in her post-sentence motion. Therein, Appellant claimed that her sentence was excessive in light of the lack of severity of her violation and that the trial court failed to state adequately on the record its reasons for the sentence imposed. Thus, Appellant preserved only these issues for appellate review.

The *Anders* brief contains a 2119(f) statement, albeit an arguably inadequate statement. *Anders* Brief at 4. However, because Appellant's counsel believes this appeal is frivolous, an inadequate 2119(f) statement is not an impediment to further review. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous.") (citations omitted).

We now consider whether Appellant has presented a substantial question for our review. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Griffin***, 65 A.3d at 935 (citation and quotation marks omitted).

We conclude that Appellant has raised a substantial question. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) ("[A] claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review."). We, therefore, will examine the merits of Appellant's sentencing issue.

> [Our] standard of review is clear: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.
>
> We note that a sentencing court must state on the record its reasons for imposing sentence. Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender.
>
> In the particular context of a sentence imposed for a probation violation, we also keep in mind that a term of total confinement is available if any of the following conditions exist: (1) the defendant is convicted of another crime; or (2) his conduct indicates that it is likely that he will commit another offense; or (3) such a sentence is essential to vindicate the court's authority.

***Id.*** at 1252-53 (citations and quotation marks omitted).

As an initial matter, the record clearly establishes that the trial court was permitted to sentence Appellant to total confinement. At the ***Gagnon II*** hearing, Appellant stated in no uncertain terms that she would not comply with the terms of her probation. As such, the court vindicated its authority by sentencing Appellant to total confinement.

The trial court's opinion addressed Appellant's sentencing claim as follows.

> As the transcript reflects, it was the [c]ourt's intention to facilitate long-term mental health treatment for [Appellant]. Bluntly and without hesitation, however, she stated that she would not comply with such a regimen. She thereby informed the [c]ourt that she fully intended to violate again if it ordered the treatment it believed she needed. Giving her a chance to change her mind, however, the [c]ourt explained that it could otherwise order total confinement and reminded her that she was already in the county jail because of her refusal to comply with outpatient treatment and housing requirements. It then queried, "After about a month and a half or so in the county jail, you're telling me you're not going to comply with the treatment[?]" When [Appellant] confirmed that intention - again without hesitation - the [c]ourt, in order to vindicate its authority, sentenced her to an aggregate term of 2½ - 5 years' imprisonment.
>
> Rarely does a defendant so blatantly express his or her intention to defy the [c]ourt's order, and whether or not [Appellant's] obstinance was occasioned to any degree by her mental illness, that she refused to comply with a long-term mental health treatment program meant not only that she would not obey the [c]ourt's direct order, but that she would not successfully reintegrate into society as a law-abiding citizen.
>
> As the record reflects, therefore, the [c]ourt did indeed provide adequate reasons for its sentence[.]

Trial Court Opinion, 11/3/2014, at 1-2 (citations omitted).

The trial court's observations are supported by the record. After a review of the record, although sitting as a sentencing court, we might have vindicated the court's authority with a lesser sentence, we cannot conclude that Appellant's sentence of two to four years in prison is manifestly unreasonable or that the sentence resulted from partiality, prejudice, bias, or ill will. Consequently, the sentence does not constitute an abuse of discretion.

Based on the foregoing, we agree with counsel that Appellant's challenge to the discretionary aspects of her sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/5/2016